

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAC NHU NGUYEN,<br><br>                              Petitioner,<br><br>v.<br><br>WARDEN, Imperial Regional Detention Facility, et al.,<br><br>                              Respondents. | Case No.:  26-cv-1627-RSH-AHG<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

On March 13, 2026, petitioner Hac Nhu Nguyen, proceeding pro se, filed a petition for a writ of habeas corpus (the "Petition") pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner alleges that he has been in immigration custody since October 29, 2025; that his detention without a bond hearing has become unduly prolonged; and that he agreed to voluntary departure many years ago on June 11, 2009, but since then the U.S. Department of Homeland Security has been unable to obtain travel documents or the consent of Vietnam to accept his return. *Id.* at 6.

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court construed 8 U.S.C. § 1231(a)(6), the statutory provision authorizing detention of a noncitizen subject to a final order of removal beyond the 90-day removal period, and concluded that the "statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a

period reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689. The Court held that after a six-month "presumptively reasonable period of detention," "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

Respondents take the position that, assuming the six-month presumptively reasonable period of detention has passed, there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future. Respondents provide a declaration from a deportation officer reflecting that on March 27, 2026, Vietnam's Ministry of Public Security issued a passport to Petitioner, that is currently in the possession of DHS. ECF No. 10-1 ¶ 19. DHS has scheduled Petitioner for a flight to Vietnam during the week of May 3, 2026. *Id.* ¶ 20. The declarant further states that the only impediment to Petitioner's removal at this time is the Court's order of April 2, 2026. *Id.* ¶ 22.

Based on the foregoing, the Court concludes that there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future. Petitioner has not carried his burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Accordingly, the Petition is **DENIED**. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: April 16, 2026

_____
Hon. Robert S. Huie
United States District Judge

26-cv-1627-RSH-AHG